**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEVRICK GAIL,** | : | **CIVIL NO. 3:14-CV-2347** |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| **WARDEN, USP CANAAN,** | : | |
| Respondent | : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner, Devrick Gail ("Gail"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania. He contends that his due process rights were violated in the context of a disciplinary hearing. The petition is ripe for disposition and, for the reasons that follow, will be denied.

**I.   Background**

While incarcerated at the United States Penitentiary at McCreary, Gail was charged in Incident Report Number 2396843, dated January 13, 2013, with Fighting with Another Person in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code Section 201. (Doc. 6-1, at 24). The incident is described by the reporting officer as follows:

> I, Officer M. Parsons observed a commotion in the unit. At that time I observed inmate Gail, Devrick #33115-183 fighting with inmate Whitmore, John #13621-078 in front of the laundry room. At that time I ordered the inmates to stop fighting and they did not comply. At that time I placed inmate Gail on the floor and applied restraints. At that time inmate Gail was taken

     to medical an inmate Whitmore was taken to SHU.

(Id.)

     Gail was notified of the incident report on January 12, 2013.  (Id. at 24).  The following day, he was informed that the matter would proceed to a disciplinary hearing. (Id.).  He was advised of the rights associated with the process and indicated that he did not wish to have a staff member represent him or to call any witnesses at the hearing.  (Id. at 27-28).

     The hearing commenced on January 16, 2013.  (Id. at 31).  "The DHO read aloud section 11 of the incident report, asked if the report was true, and gave him the opportunity to provide his statement.  He replied, '[i]t's true, I fought in self defense.'  He did not present any documentary evidence for the DHO to consider."  (Id.)  Based on the evidence presented, which included the incident report, "clinical encounter" reports, photo sheets, and fourteen memorandums the disciplinary hearing officer found that Gail committed the act as charged and sanctioned him with a total loss of 27 days of good conduct time and numerous other penalties.  (Id. at 32-33).

     Gail appealed the disciplinary hearing officer's decision to the Mid-Atlantic Regional Director on March 22, 2013.  (Id. at 5; Doc. 1-1, p. 8).  On April 22, 2013, he was notified that his appeal was denied.  (Doc. 1-1, p. 9).  At that time, he was advised that "if he was not satisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons . . . within 30 days of the date of this response."  (Id.)  He did not file his appeal with the General Counsel, also known as the Central Office, until September 1, 2014.  (Id. at 7). The appeal was rejected because he failed to include a copy of the Regional Office appeal

and decision. (Id.) He was afforded fifteen days to cure the deficiency and resubmit his appeal. (Id.) He failed to pursue the appeal any further. (Doc. 6-1, Declaration of Michael FiggsGanter, BOP Attorney Advisor ("FiggsGanter Decl."), ¶¶ 1, 7).

The instant petition was filed on December 11, 2014. (Doc. 1).

## II. Discussion

Respondent argues that the petition should be denied based on Gail's failure to comply with the BOP's administrative review process. (Doc. 6, pp. 9-14). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, *e.g.*, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters,

No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP's administrative review remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 6-1, FiggsGanter Decl. at ¶ 4, citing 28 C.F.R. §§ 542.10–542.19). With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written appeal to the BOP's Regional Director (thus bypassing the institutional level of review) within twenty days after receiving the disciplinary hearing officer's written report. (28 C.F.R. § 542.15(a), 542.14(d)(4)). If dissatisfied with the Regional Director's response, an appeal may then be filed within thirty calendar days with the BOP's Office of General Counsel, also known as the Central Office. (Doc. 6-1, FiggsGanter Decl. at ¶ 4, citing 28 C.F.R. §§ 542.10–542.19 Id.) This is the inmate's final available administrative appeal.

Gail waited approximately seventeen months to appeal the Regional Director's response to his appeal of the disciplinary officer's findings, well beyond the thirty days allotted by BOP regulations. Nonetheless, the appeal was not outright rejected. Rather, the BOP afforded Gail fifteen days to resubmit the proper forms and documents. Gail indicates that because he was unable to locate copies of the forms and documents needed to complete the appeal process, he chose to file a habeas petition in federal court rather than further pursue administrative review. (Doc. 7, p. 2). In doing so, Gail failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004). Because he has not alleged facts that

would permit the court to find that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be denied for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process despite failing to complete administrative review.

**III.** **Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:		March 31, 2016